IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALONZO AND MARY RAMIREZ, | § | |
| APPELLEES | § | |
| | § | CIVIL ACTION 2:15CV194 |
| | § | |
| V. | § | BANKRUPTCY CASE 11-20614 |
| | § | |
| LARRY WILSON, | § | |
| APPELLANT | § | |

## OPINION AND ORDER

Alonzo and Mary Ramirez (Debtors) are judgment debtors on a monetary judgment resulting from a two-party adversary proceeding that Larry Wilson (Wilson) brought against them. That judgment was appealed to this Court and affirmed in *Ramirez v. Wilson*, No. 2:13-cv-128 (S.D. Tex. Dec. 13, 2013) (D.E. 2-41). Debtors did not appeal this Court's judgment and the matter is now final. In fact, the entire bankruptcy case is final. *See* D.E. 2-17, 2-20.

Long after the judgment became final, Debtors brought a post-judgment proceeding, seeking to apply a third party's settlement payment to Wilson as a credit against their own judgment. The Bankruptcy Court issued its order proclaiming the issue of offset under the one-satisfaction rule to be an open one and ordering the parties to propose a discovery plan and scheduling order as a matter continuing within the prior adversary proceeding.

The judgment creditor Wilson has appealed, complaining that the Bankruptcy Court erred both substantively and procedurally in considering the Debtors' claim to an

offset. This Court holds that the judgment is res judicata and the Bankruptcy Court did not have jurisdiction to entertain additional proceedings related to the adversary proceeding and its final judgment. Accordingly, the Court VACATES the Bankruptcy Court's "Memorandum Opinion and Order on Motion for Invocation of the Adversary Rules" (D.E. 2-27) for lack of jurisdiction and because of the res judicata bar.

## JURISDICTION

Ordinarily, jurisdiction to adjudicate bankruptcy-related matters is conferred on bankruptcy courts pursuant to 28 U.S.C. § 157 and the courts' standing order of reference. Appeals complaining of a bankruptcy court's rulings are then appealable to the district court under 28 U.S.C. § 158. Section 158 contemplates an appeal arising in two ways: (1) from a final judgment of the bankruptcy court; and (2) from an interlocutory order with leave of the bankruptcy court to appeal.

This is not an appeal from a final judgment because that appeal has already run its course and the order at issue relates to post-judgment proceedings. To the extent that the order can be characterized as interlocutory in connection with initiating a new post-judgment proceeding, an appeal requires leave of court. The record does not reflect that the Appellant, Wilson, filed a motion for leave of court to appeal. Pursuant to Federal Bankruptcy Rule 8004(d), the Court treats the notice of appeal as a motion for leave to appeal and GRANTS the motion. To the extent that the Bankruptcy Court did not have jurisdiction to enter any order that could be construed as a collateral attack on the previous judgment, this Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651 to issue all writs necessary or appropriate in aid of this Court's jurisdiction.

## THE PROCEEDINGS

Wilson purchased a home from Debtors that he later learned had been subjected to water damage, roof leaks, wood rot, and mold—contrary to Debtors' representations. Wilson filed suit in state court against Debtors and a number of others (including both realtors and the inspector). D.E. 2-33. Prior to trial in the state court suit, Debtors filed for relief under the United States Bankruptcy Code. Their liability on Wilson's allegations of fraud and violations of the Texas Deceptive Trade Practices Act (DTPA) was determined by the United States Bankruptcy Court in an adversary proceeding related to their Chapter 7 case.

While Debtors mentioned in their Answer (D.E. 2-33) that there were twelve separate defendants in the state court suit, they did not seek to join any of those defendants, did not seek to name them as responsible third parties in the adversary proceeding, and did not seek any judgment regarding contribution, offset, or proportionate liability. The Bankruptcy Court ruled against Debtors, assessed damages against them, imposed a constructive trust, and held that the debt was not dischargeable in bankruptcy. Debtors did not complain to the Bankruptcy Court at that time that the judgment should have made a provision for offsetting settlement credits or judgments paid by other parties.

That judgment was then appealed to this Court. None of the issues on appeal addressed any concerns about contribution, proportionate responsibility, settlement credits, offsets, or the one-satisfaction rule. This Court then affirmed the Bankruptcy Court's judgment. *See Ramirez v. Wilson*, No. 2:13-cv-128 (S.D. Tex. Dec. 13, 2013).

This Court's judgment was not appealed and is a final resolution of that controversy. Nothing in that judgment provides for credits against the judgment for any payments made by the defendants in the state court suit.

Before this Court affirmed the Bankruptcy Court judgment, Debtors began their effort to get information on settlements that Wilson may have obtained in order to offset the amounts paid, if any. Their first motion was filed on September 23, 2013, reciting that they had learned in May of 2013 about a possible settlement "about a year ago." D.E. 2-7. After a hearing in which counsel for Debtors admitted that no offset had been pled in the case previously, the Bankruptcy Court denied the motion on October 21, 2013. D.E. 2-13; D.E. 2-44, p. 7.

In that Order, the Bankruptcy Court recited that Debtors did not file motions under Federal Rules of Civil Procedure 59 or 60 and had not demonstrated any evidence that would meet the respective burdens of proof under those rules. D.E. 13, p. 2. On December 16, 2013, the Bankruptcy Court approved a cash distribution from the estate in the amount of $190,000 for the estate's liability on Wilson's proof of claim. The Chapter 7 Trustee filed his Final Report on May 8, 2014, and the Bankruptcy Court ordered the final distributions of the estate and released the Chapter 7 Trustee on June 24, 2014. D.E. 2-17, 2-20.

Debtors did not renew their effort to obtain an offset until June 20, 2014, when they filed a motion in the bankruptcy proceeding seeking a determination that the judgment against them was satisfied by virtue of settlements from other defendants and requesting an order requiring Wilson to issue a release. D.E. 2-19. After the Bankruptcy

4

Court denied that motion as having been filed in the wrong case, Debtors filed a new

motion for invocation of the adversary rules and to obtain a scheduling order.  D.E. 2-22.

By Memorandum Opinion and Order, the Bankruptcy Court granted the motion,

holding that Debtors' mention of the other defendants in the state proceeding was

sufficient to raise the issue of offset and that the Fifth Circuit employs a one-satisfaction

policy, citing *Howard v. General Cable Corp.,* 674 F.2d 351, 358 (5th Cir. 1982).  The

court then ordered the submission of a proposed scheduling order for discovery and trial.

D.E. 2-27.

Wilson now appeals that order stating three issues:[1]

1. The Bankruptcy Court erred in finding that the Debtors
   sufficiently pleaded or raised the issues of offset or
   recoupment in their answer by affirmative defense or
   otherwise.

2. The Bankruptcy Court erred in finding that the Debtors
   should be allowed a credit in the amount of any settlement
   paid to Larry Wilson by other defendants.

3. The Bankruptcy Court erred in permitting the invocation of
   the Adversary Rules to conduct post judgment discovery
   of prejudgment facts.

D.E. 2-29, 2-30.  These issues all require a determination of how and when the issue of

settlement credits must be raised, which is a question regarding the nature of adversary

proceedings applying state law and the res judicata effect of the resulting judgment.

---

[1]  These issues are not identical to the issues stated in Wilson's Brief, but are the issues permitted by the Bankruptcy
Court's Order.  D.E. 2-29.

## DISCUSSION

### A. The Nature of the Adversary Proceeding and State Law

When Debtors filed for bankruptcy relief under Title 11 of the United States Code, they conferred on the federal court jurisdiction to adjudicate their liability to Wilson. 28 U.S.C. §§ 157, 1334. Wilson's claim, which sought a constructive trust against Debtors' assets and included an exception from their discharge, was a lawsuit that had to be prosecuted as an adversary proceeding. Fed. Bankr. Rule 7001. Adversary proceedings are handled, in large part, in a manner similar to any other federal litigation, using the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. Proc., 7001, et seq. (incorporating most of the federal procedural rules into the bankruptcy rules).

Wilson's adversary proceeding and resulting judgment were based on state substantive law claims for common law fraud and DTPA violations that satisfied the Bankruptcy Code requirements for excepting Wilson's claim from Debtors' bankruptcy discharge. D.E. 2-34. Debtors, now invoking the one-satisfaction rule, are claiming that they are entitled to an offset or dollar-for-dollar reduction of their liability to Wilson by amounts paid by others who allegedly participated in the same transaction.

The one-satisfaction rule and the concept of offset both require that Debtors and those who have paid Wilson settlement amounts have a common liability for the damages at issue. *See generally, Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7-8 (Tex. 1991) (the limit of the one-satisfaction rule applies to a single injury, even though the injury may have been brought about by several different wrongful acts), *modified on*

*other grounds, Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006); 11

U.S.C.A. § 553 (defining offset as involving a mutual debt).

The mutuality of obligation is not a given merely because the settling party was

sued for damages related to the same transaction.  And mutual participation in causing

the damages does not necessarily mean that each actor is responsible for an equal amount

or in a joint and several manner.  Whether and how to cap each party's responsibility for

the jointly-caused damages requires a court to compare the claims and assess the degree

of fault and concert of action.

This comparative process requires the application of state substantive law as to

whether and how to reduce one party's liability to the claimant due to the acts of another

party.   Federal courts thus apply the Texas proportionate liability statute and its

procedural components.

> The *Erie* doctrine requires that a federal court apply state law
> to cases not governed by federal law.  "The Erie case and the
> Supreme Court decisions following it apply in federal
> question jurisdiction as well."  "Where the state rule reflects a
> substantive state policy not in conflict with the plain meaning
> of the federal rule, then the state rule is the rule of decision
> and should be applied under the terms of the Erie doctrine."
> Courts in this circuit, including this court, have found that
> there is no conflict between designating responsible third
> parties under [Tex. Civ. Prac. & Rem. Code] § 33.004 and
> [Federal Rules of Civil Procedure] Rule 14 because Rule 14
> governs joining third parties, not designating them as
> responsible for the purpose of limiting the liability and
> damages of those who are parties to the suit.

*Arvie v. Dodeka, LLC*, No. CIV.A. H-09-1076, 2011 WL 1750242, *3 (S.D. Tex. May 4,

2011) (Rosenthal, J.) (citations omitted).

The proportionate liability statute applies to any cause of action based on tort or violations of the DTPA. Tex. Civ. Prac. & Rem. Code § 33.001. It permits a defendant's liability to the plaintiff to be reduced by the damages owed or paid by other liable parties. Those responsible third parties are not required to be joined in the action, but they must be named in order for the court to assess the percentage of liability attributable to each. *Id.*, § 33.003(a). Consequently, they should be formally designated on or before the 60th day before the trial date unless good cause is shown. *Id.*, § 33.004(a).

The failure to designate a responsible third party prevents that party's liability from being assessed and compared and precludes a reduction or offset against the plaintiff's recovery. *Id.*, § 33.003(a). All of the provisions of the proportionate liability statute contemplate determining the issues and any reduction in damages prior to the entry of judgment. Debtors failed to comply with those provisions and did not even raise the issue of responsible third parties and offsetting settlements until after the Bankruptcy Court had entered judgment and that judgment was on appeal.

While the Bankruptcy Court invoked *Howard,* 674 F.2d at 358, that case does not support relief here. The *Howard* opinion specifically relied upon the parties' preservation of the issue in the lower court during the pendency of the case—not in post-judgment proceedings:

> Throughout the proceedings, appellant maintained that a credit was due. That it requested an inappropriate calculation of the amount does not constitute waiver. Both the court and the appellees were aware at all times of appellant's request for the credit. In fact, the appellees suggested six alternative ways to calculate the credit amount. Appellant preserved its

> right to a credit and the court below erred in refusing to grant
> one.

Debtors did not preserve this issue in the Bankruptcy Court and did not raise it on appeal. Consequently, it was waived.

## B. The Application of Res Judicata

The parties have not cited any authorities that address the application of the proportionate responsibility statute or the one-satisfaction rule in a post-judgment setting for the first time. Principles of res judicata prevent the Debtors' effort. "[A] bankruptcy judgment bars subsequent suit if: (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases." *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 740 (5th Cir. 1993).

There is no question that this proceeding involves the same parties, and this Court's prior judgment affirming the Bankruptcy Court's judgment was done with proper jurisdiction at both levels. As set out above, the prior proceeding rendered a final judgment on the merits in a core proceeding. While Debtors seek to treat their claim of offset as something new under the one-satisfaction rule, their effort is contrary to both the Texas proportionate liability statute and the application of the one-satisfaction rule, both of which must be raised when the liability is initially assessed.

Any attempt by the parties to relitigate matters that could have been raised in a prior bankruptcy proceeding is barred under the doctrine of res judicata.

> Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

*In re Constructors of Florida, Inc.*, 349 F.2d 595, 599 (5th Cir.1965).  A determination of proportionate liability could have been, and was required to be, litigated in the original proceeding.  Failing that, the issue is barred.

### C. The Resolution of Wilson's Issues on Appeal

As demonstrated above, the Bankruptcy Court did not have jurisdiction to issue orders collaterally attacking this Court's judgment affirming the prior order.  Debtors' attempt to obtain any offset to their liability to Wilson is barred by res judicata as a claim that should have been brought in the initial proceeding prior to the entry of the judgment against them and in favor of Wilson.  Accordingly, the Court rules on Wilson's issues as follows.

The Court does not reach issue 1 regarding the sufficiency of the pleadings. Regarding issue 2, the Court agrees that the Bankruptcy Court erred to the extent that it was willing to consider an offset of the judgment in favor of Wilson and against Debtors when the prior judgment omitting an offset was final and the issue was barred by res judicata.  Regarding issue 3, the Court agrees that the Bankruptcy Court was without jurisdiction to entertain a collateral attack to the previous final judgment.

**CONCLUSION**

For these reasons, the Court SUSTAINS Appellant's second and third issues and VACATES the "Memorandum Opinion and Order on Motion for Invocation of the Adversary Rules" entered April 20, 2015, as having been entered contrary to a final judgment issued by this Court and principles of res judicata.  D.E. 2-27.

SIGNED _9/22/15_____.

HONORABLE NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

11